## STATE v. SCHEINBERG.
### No. 5763.

Circuit Court, Dade County, Criminal Appeal.

August 1, 1966.

Charles H. Snowden, Miami, for appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for appellee.

GEORGE E. SCHULZ, Circuit Judge.

The appellant was convicted in the metropolitan court, Dade County, of the offense of driving under the influence of intoxicating beverage and other related offenses. It is from this conviction of driving while under the influence that an appeal was taken to this court and it is to that alone that our attention is presently directed.

Among other witnesses produced by the prosecution was Donald Kihlberg, identified as a chemical test technician, Dade County Sheriff's Office. Prior to this witness' testimony as to the appellant's sobriety or lack of sobriety, the attorney for the appellant objected and was allowed to cross-examine the witness as to whether the statements made by her during Kihlberg's examination of her were voluntarily given.

Kihlberg testified that the appellant repeatedly requested that she be allowed to make a telephone call. She was not allowed to make a telephone call; that in response to his request that he be allowed to interview her, she stated that she wanted to

112

make a telephone call; that instead of allowing her to make a telephone call, he had no further communication with her, and she was detained an additional twenty minutes, at the expiration of which time he returned to the room or cell where she was being detained and at that time she agreed to "cooperate" with him.

It is clear from the testimony that Kihlberg's use of the term "cooperate" meant that she should submit to an examination and interrogation.

It is also clear that the examination and interrogation was not voluntary on the part of the appellant and that it was submitted to only as a result of fear of punishment in the form of further detention and hope for reward in being allowed to make a telephone call. Further testimony by Kihlberg to his interrogation and examination of the appellant should have been rejected at that point.

The suppression of Kihlberg's testimony after all testimony from both parties indicates that the learned judge in the trial court shares the opinion that the examination and interrogation were not properly conducted.

Without the testimony of the witness Kihlberg, the evidence as to the appellant's sobriety was, at best, sufficient to create a suspicion of guilt but insufficient to sustain a conviction of guilt.

It is considered, ordered and adjudged that the adjudication and sentence on the charge of driving while under the influence of intoxicating beverage is reversed. The appellant is discharged with costs assessed against the appellee.